Pratt, J.
The opinion at special term covers the questions so fully that further discussion is unnecessary. The statements in the eighth subdivision of the defendant's pleading are appropriate for an answer, but out of place in a demurrer. They were therefore properly disregarded at special term, as not being properly before the court.
The judgment must be affirmed, with costs, with leave to answer on payment of costs.
All concur.
The opinion of Mr. Justice Cullen at special term is as follows :
I think both causes of action, as set out in the complaint, are valid. As to the first cause of action, little need be said The judgment created a joint and several obligation against each defendant. As to a several defendant, it was not necessary to exhaust the remedy at law against one defendant before proceeding in equity against the other. As to the second cause of action, it may be conceded that our statute has no extraterritorial effect. But this admission is not fatal to the plaintiff’s claim. First, it is alleged that the deceased was a nonresident only up to the year 1885. Any payments made by him subsequent to that time in violation of the statute can be recovered. Second, it may well be doubted whether our statute, instead of being restrictive, is not the reverse. That is to say, the statute gives the wife a title to the insurance as against creditors, which, if it were not for the statute, would be subjected to the claims of creditors. The complaint charges that the deceased was insolvent. The money that was applied to the premiums on the policy belonged to the *456 deceased’s creditors, and without the statute they could have followed the fund, and recovered the full amount, or possibly the-whole proceeds. Holmes v. Gilman, 138 N. Y. 876; 52 St. Rep. 873.
Judgment for plaintiff on demurrer, with costs, with leave to-defendant to answer on payment of costs.